IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re Application for Exemption from Electronic Public Access Fees by Jennifer Gollan and Shane Shifflett | NO. MISC 12-80113 JW<br><br>**ORDER DENYING APPLICATION FOR EXEMPTION FROM ELECTRONIC PUBLIC ACCESS FEES** |

Presently before the Court is Jennifer Gollan ("Gollan") and Shane Shifflett's ("Shifflett") Application for Exemption from Electronic Public Access Fees.[1] In their Renewed Application, Gollan and Shifflett–who contend that they are "reporters" who work for the Center for Investigative Reporting–request a limited exemption from payment of electronic public access fees for the purpose of conducting a "research project" that is intended, *inter alia*, to "increase the public's understanding of the federal judiciary and its commitment to accountability." (Id. at 1-2.)

On March 21, 2012, the Court issued an Order Granting Exemption from Electronic Public Access Fees[2] to Gollan and Shifflett, who at that time were employees of The Bay Citizen. As the Court explained in its March 21 Order, the exemption was granted, *inter alia*, on the basis of Gollan and Shifflett's representation that The Bay Citizen is "a charitable and educational 501(c)(3) organization in California that is dedicated to informing and engaging the public with incisive

---

[1] (Renewed Application for Exemption from PACER Fees, hereafter, "Renewed Application," Docket Item No. 2.)

[2] (hereafter, "March 21 Order.")

research."[3] As the March 21 Order also explained, 28 U.S.C. § 1914–which sets forth the Electronic Public Access Fee Schedule (the "Schedule") promulgated by the Judicial Conference–provides that "courts may, upon a showing of cause, exempt . . . section 501(c)(3) not-for-profit organizations" from payment of electronic public access fees. However, the Judicial Conference Policy Notes on the Schedule also state that courts "should not exempt . . . members of the media" from payment.

On April 10, 2012, the Court set an Order to Show Cause Hearing in regard to its March 21 Order, on the ground that it was not clear whether Gollan and Shifflett, as employees of The Bay Citizen, were "members of the media," which–the Court explained–would mean that they should not be exempted from payment of electronic public access fees, pursuant to Judicial Conference policy. At the April 30 Order to Show Cause Hearing, counsel for Gollan and Shifflett explained that The Bay Citizen had recently merged with another organization, and further explained that Gollan and Shifflett are both reporters. Further, counsel agreed that it would be appropriate for Gollan and Shifflett to file a renewed application for an exemption from electronic public access fees, and that it would also be appropriate for their exemption to be suspended pending the Court's consideration of their renewed application. Accordingly, the Court vacated its March 21 Order without prejudice to Gollan and Shifflett to file a renewed application for an exemption. On May 8, 2012, Gollan and Shifflett filed the present Renewed Application for Exemption.

Upon review, the Court does not find good cause to grant Gollan and Shifflett an exemption from payment of electronic public access fees. As explained above, the Judicial Conference Policy Notes to 28 U.S.C. § 1914 expressly state that courts should not grant such exemptions to "members of the media." As their Renewed Application makes clear, Gollan and Shifflett are reporters, which makes them "members of the media." (See Renewed Application at 1-6.) Thus, the Court finds that it would be inappropriate to grant Gollan and Shifflett an exemption from payment of electronic

---

[3] In their Application which led to the Court's issuance of the March 21 Order, Gollan and Shifflett identified themselves as "reporters." However, that Application focused on the status of The Bay Citizen as a 501(c)(3) organization rather than on the status of Gollan and Shifflett as reporters. The same emphasis was reflected in the Court's March 21 Order.

public access fees, pursuant to the Judicial Conference policy precluding the granting of such exemptions to members of the media.

Gollan and Shifflett contend that, even though the Judicial Conference Policy Notes state that courts should not grant an exemption to members of the media, that prohibition "should not apply to members of the media who are part of section 501(c)(3) nonprofit organizations," insofar as the Schedule authorizes exemptions for such nonprofit organizations. (Renewed Application at 6.) However, Gollan and Shifflett offer no authority in support of their interpretation of the Schedule and the Judicial Conference Policy Notes associated with the Schedule. In the absence of any such authority, the Court declines to adopt Gollan and Shifflett's interpretation.

Accordingly, the Court DENIES the Renewed Application for Exemption.

Dated: May 16, 2012

JAMES WARE
United States District Chief Judge

3

1 **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2 Judy Alexander jalexander@judyalexanderlaw.com
Thomas R. Burke thomasburke@dwt.com

4 **Dated: May 16, 2012**  **Richard W. Wieking, Clerk**

**By:  /s/ JW Chambers
       William Noble
       Courtroom Deputy**